# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-1522

_____

United States of America,               *
                                         *
            Appellee,                    *    Appeal from the United States
                                         *    District Court for the
      v.                                 *    Northern District of Iowa.
                                         *
James Leroy Strait, also known as        *         [UNPUBLISHED]
Straity,                                 *
                                         *
            Appellant.                   *

_____

Submitted: July 27, 2010
Filed: July 30, 2010

_____

Before BYE, BOWMAN, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

James Strait appeals his drug conviction entered by the District Court[1] following a jury trial. His counsel has moved to withdraw and has filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing that the evidence was insufficient to support the conviction because the testimony of the cooperating witnesses was unreliable and inconsistent.

_____

[1]The Honorable Mark W. Bennett, United States District Judge for the Northern District of Iowa.

We review challenges to the sufficiency of the evidence <u>de novo</u>, "viewing the evidence in the light most favorable to the verdict and giving it the benefit of all reasonable inferences." <u>United States v. Pruneda</u>, 518 F.3d 597, 605 (8th Cir. 2008). At trial, the leader of a methamphetamine operation testified to the significant amounts of methamphetamine manufactured for distribution on his farm over several years and to Strait's years of participation in that process. This testimony was corroborated by five cooperating witnesses. We conclude that the evidence was sufficient to support the jury's verdict that Strait was guilty of conspiring to manufacture and distribute 500 grams or more of methamphetamine. <u>See</u> <u>United States v. Davis</u>, 471 F.3d 938, 947 (8th Cir. 2006) (noting that to establish a conspiracy to manufacture and distribute methamphetamine, the government must prove that there was an agreement to manufacture and distribute methamphetamine and that the defendant knew of the conspiracy and intentionally joined it). It was the jury's duty to assess the cooperating witnesses' credibility; resolve any inconsistencies in their testimony; and determine the impact, if any, of the witnesses' cooperation agreements on their testimony. <u>See</u> <u>United States v. Hodge</u>, 594 F.3d 614, 618 (8th Cir.) (reiterating that a jury's credibility determinations are "well-nigh unreviewable" because the jury is in the best position to assess the credibility of witnesses and resolve inconsistent testimony; it is the jury's prerogative to credit or discount a government witness based on that witness's cooperation agreement), <u>cert. denied</u>, 78 U.S.L.W. 3714 (U.S. June 7, 2010) (No. 09-10629).

After reviewing the record independently under <u>Penson v. Ohio</u>, 488 U.S. 75 (1988), we have found no nonfrivolous issues for appeal. Accordingly, we grant counsel's motion to withdraw, and we affirm the District Court's judgment.

_____